REQUESTED BY: Terrance D. Micek, Secretary, Nebraska Liquor Control Commission
Do certain corporate exemptions found in the Nebraska Liquor Control Act exempt corporations qualifying thereunder from the general restrictions against possessing more than a total of two liquor licenses?
Yes.
You have raised the question of whether or not the statutory prohibition against a liquor licensee having a beneficial interest in a total of more than two nonexempted liquor licenses applies where the licensee in question is a corporation and where that corporation has as stockholders holding 25 percent of the corporate stock or less a person or a corporation who individually have a beneficial interest in two nonexempted liquor licenses.
Neb.Rev.Stat. § 53-125 (1982 Supp.) as amended by LB 213, effective May 17, 1983, concerns, in what is now subsection 9, corporations and individual stock ownership in corporations of 25 percent or less. This subsection allows a corporation to have as stockholders persons including corporations who would otherwise be disqualified from holding a liquor license, for example as a result of their being convicted felons, etc., so long as these otherwise disqualified persons or corporations hold no more than 25 percent of the licensed corporation's stock.
Prior to the adoption of Legislative Bill 213, some but not all of the potential disqualifying factors which would prohibit an individual or a corporation from holding a liquor license were contained within Neb.Rev.Stat. § 53-125
(1982 Supp.). Several, however, were not. One of those potential disqualifying factors which was not contained within Neb.Rev.Stat. § 53-125, supra, was the restriction against a person including a corporation from possessing a beneficial interest in more than a total of two nonexcepted liquor licenses. This prohibition was found exclusively in Neb.Rev.Stat. § 53-124.02 to § 53-124.09 (Reissue 1978).
In an informal opinion dated August 4, 1982, we were of the opinion that the word `hereunder' then contained in Subsection 10 of § 53-125 (1982 Supp.) applied to the entirety of the Nebraska Liquor Control Act and not just to the prohibitions contained within Neb.Rev.Stat. § 53-125, supra.
Perhaps in response to that opinion the Nebraska Legislature during the 1983 session enacted LB 213 which, among other things, included the prohibition against possessing a beneficial interest in more than a total of two liquor licenses in the body of § 53-125, supra, as subparagraph 16. Therefore, there appears to be little question that the word `hereunder' found within the provisions of what is now Subsection 9 applies to this potential disqualification as well.
Neb.Rev.Stat. § 53-125, supra, now provides as is pertinent:
 No license of any kind shall be issued to . . . (9) a corporation, if any officer, manager or director thereof, or any stockholder, owning in the aggregate more than twenty-five per cent of the stock of such corporation would be ineligible to receive a license hereunder for any reason other than citizenship and residence within the governmental subdivision . . . (16) a person having a beneficial interest in a total of two alcoholic beverage retail licenses except as provided in sections 53-124.02 to 53-124.09.
We are therefore of the opinion that so long as any applicant corporation or licensed corporation does not have as a stockholder owning more than 25 percent of its corporate stock an individual or corporation who already has a beneficial interest in two nonexempted liquor licenses, such a fact would not disqualify the applicant corporation of a corporation already possessing a license.
To reach any other conclusion would be to suggest that the most minute percentage stock ownership by an individual already having a beneficial interest in two nonexempted liquor licenses would disqualify a large corporate licensee. Such a conclusion as we suggested in our previous letter is untenable. This is especially true as we observed in our previous informal opinion since it is undisputed that a corporation comprised of four convicted felons would not be disqualified.
Specifically, therefore, especially in light of the pertinent provisions of LB 213, we would be of the opinion that a corporation would not be disqualified from holding a liquor license if it had as a stockholder owning 25 percent of its corporate stock or less a person or corporation who already had a beneficial interest in more than two nonexempted liquor licenses.
Sincerely, PAUL L. DOUGLAS Attorney General Terry R. Schaaf Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General